[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12157
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cr-00124-JES-DNF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BURSON AUGUSTIN,

Defendant-Appellant.

_____

No. 14-12221
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cr-00123-JES-DNF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BURSON J. AUGUSTIN,
a.k.a. Zoe,

                                                    Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(June 2, 2015)

Before MARCUS, ROSENBAUM and JULIE CARNES, Circuit Judges.

PER CURIAM:

In this consolidated appeal, Burson Augustin appeals his 16-month sentence, imposed near the low end of the advisory guideline range, after pleading guilty to distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and also appeals the revocation and sentence imposed for violating his supervised release based on the cocaine distribution charge, 18 U.S.C. § 3583(e)(3).  On appeal, Augustin argues that his 16-month sentence for distribution of cocaine is substantively unreasonable because he should have been granted a two-level variance in his total offense level in light of (1) an expected amendment to the drug quantity table in the Sentencing Guidelines and (2) a memorandum from the

United States Attorney General dated August 12, 2013 ("August 12 Memorandum").[1]  After careful review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion."  United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).  In reviewing the "'substantive reasonableness of [a] sentence imposed under an abuse-of-discretion standard,'" we consider the "'totality of the circumstances.'"  Id. at 1190 (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).  The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a).[2]  "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor ... as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented."  United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted). The party challenging the sentence bears the burden to show it is unreasonable.  United

---

[1] On appeal, Augustin does not challenge the revocation of his supervised release nor the sentence imposed for a violation of his supervised release.  Therefore, those issues are abandoned.  See United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).

[2]     The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).  While we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect that sentence to be reasonable.  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).  Moreover, a sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence.  See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (holding that the sentence was reasonable in part because it was well below the statutory maximum).

First, we are unpersuaded by Augustin's claim for a variance in his sentence for distribution of cocaine based on an expected amendment to the drug quantity table in the Sentencing Guidelines.  While the amendment Augustin expected took effect on November 1, 2014 as Amendment 782, Augustin does not cite to any controlling precedent for the proposition that the district court abused its discretion by not granting a variance based on a pending amendment that may or may not take effect.  U.S.S.G. App. C, Amend. 782 (2014).  As the record reflects, the district court considered Augustin's request for a variance, but denied the request because it was uncertain if the amendment would be adopted and made retroactive.  Thus, the district court did not abuse its discretion by sentencing within the guideline range rather than anticipating a future amendment to the Guidelines.

Nor are we persuaded by Augustin's argument for a variance based on the August 12 Memorandum.  We've held that "Justice Department policies . . . are

merely matters relating to the internal operations of the Justice Department and create no enforceable right on the part of a criminal defendant." United States v. Bagnell, 679 F.2d 826, 832 (11th Cir. 1982).  Thus, in Bagnell, we recognized it was "solely within the province of the Justice Department to determine whether an internal policy against forum shopping in obscenity cases should bar prosecution in a given case." Id.

The record reveals that Augustin asked the district court to take judicial notice of it, but he did not submit it into the record or include it in his appendix on appeal.  The August 12 Memorandum appears to be available on the Justice Department's website at http://www.justice.gov/oip/docs/ag-memo-department-policypon-charging-mandatory-minimum-sentences-recidivist-enhancements-in-certain-drugcases.pdf (last visited Apr. 27, 2015).  Assuming that the memorandum on the Justice Department's website is the August 12 Memorandum cited by Augustin, it addresses Justice Department policy on charging mandatory minimum sentences and recidivist enhancements in certain drug cases, issues that are irrelevant to Augustin's sentence.  But regardless of whether this memorandum is in fact the August 12 Memorandum to which Augustin refers, we have noted that internal Justice Department policies do not create an enforceable right for the defendant.  See Bagnell, 679 F.2d at 832.  Therefore, the August 12 Memorandum

5

does not support Augustin's argument that the district court erred by denying his request for a variance.

Further, Augustin admitted that he sold cocaine to an informant while he was on supervised release. In light of these facts, Augustin's 16-month sentence is not unreasonable because it is not outside the range of reasonable sentences under the § 3553(a) factors. Augustin's 16-month sentence was also within his advisory guideline range and well below the statutory maximum sentence of 20 years. See 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); Gonzalez, 550 F.3d at 1324. As a result, Augustin has not met his burden to show that his sentence was unreasonable in light of the record and § 3553(a).

**AFFIRMED**.